```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                    SOUTHEASTERN DIVISION
```

| | |
|---|---|
| **LUIS BARRAZA-RICHARD MORALES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV200(FRB) |
| ) | |
| **DR. GLENN BABICH, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Luis Barraza-Richard Morales (registration no. 1067583), an inmate at the Western Missouri Correctional Center (WMCC), for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $6.25, and an average monthly account balance of $2.69. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.25, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Dr. Glenn Babich, Elizabeth Conley, Paul C. Luber, Travis W. Wilhite, Mr. Donaldson C.O. I, Mr. Parker C.O. I, Mr. Burris C.O. I, Vickie Pratt R.N., Phyllis Stanley R.N., Jacinda Bunch, J. Sulltrop R.N., Unknown Theresa, Unknown Jane, Unknown Brown, and Unknown Payne. Briefly, plaintiff alleges that he was denied adequate medical treatment for a spider bite and for a hernia. Additionally, plaintiff contends that some of the defendants did not adequately address or respond to his grievances.

**Discussion**

Plaintiff's claims against defendants Babich, Donaldson, Parker, Burris, Unknown Theresa, and Unknown Jane regarding the denial of medical care for his medical conditions in violation of the eighth amendment survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that the defendants reply to these claims.

Plaintiff's claims concerning the failure to adequately respond to his grievances, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (prison officials' failure to process inmates' grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only, and does not confer any substantive right on inmate). Therefore, plaintiff's claims against defendants Conley, Pratt, Stanley, Bunch, and Sulltrop should be dismissed.

Plaintiff's claims against defendants Luber and Wilhite, should be dismissed because it appears that the liability of these defendants is based solely on their positions as supervisors and, therefore, plaintiff believes that they are responsible for the actions of their subordinates. The doctrine of respondeat superior, however, does not apply in § 1983 cases. Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Finally, plaintiff's allegation that defendants Brown and Payne took plaintiff to the infirmary and that defendant Payne changed his bandages do not constitute deliberate indifference to plaintiff's serious medical needs and, therefore, do not rise to the level of a constitutional violation. Therefore, plaintiff's claims against defendants Brown and Payne should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.25 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Conley, Luber, Wilhite, Pratt, Stanley, Bunch, Sulltrop, Brown, and Payne because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Babich, Donaldson, Parker, Burris, Unknown Theresa, and Unknown Jane.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Babich, Donaldson, Parker, Burris, Unknown Theresa, and Unknown Jane shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 8th day of March, 2006.

**/s/ Jean C. Hamilton**

UNITED STATES DISTRICT JUDGE